[Cite as *State v. Wilder*, 2016-Ohio-579.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-398 |
| v. | : | (C.P.C. No. 12CR-2611) |
| Brock Wilder, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 18, 2016

*Ron O'Brien,* Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

*Todd W. Barstow,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Brock Wilder is appealing from his conviction of a charge of felonious assault. He assigns a single error for our review:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF FELONIOUS ASSAULT AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} On May 14, 2012, Wilder got into a physical altercation with a woman he encountered near The Canabar. The woman suffered injuries and was taken to the hospital. An independent witness saw the altercation and called Columbus police. Wilder was arrested, but denied involvement in the altercation.

{¶ 3} At trial, a DNA expert testified that the woman's blood was on Wilder's t-shirt. Also at the trial, Wilder testified on his own behalf. He admitted his involvement in the altercation, but denies that he caused the woman serious physical harm. The jury found otherwise.

{¶ 4} Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved, beyond a reasonable doubt, all of the essential elements of the crime. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus; *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 78; and *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396.

{¶ 5} In determining whether a conviction is based on sufficient evidence, an appellate court does not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *See Jenks*, paragraph two of the syllabus; *Thompkins* at 390 (Cook, J., concurring); *Yarbrough* at ¶ 79 (noting that courts do not evaluate witness credibility when reviewing a sufficiency of the evidence claim). We will not disturb the verdict unless we determine that reasonable minds could not arrive at the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001); *Jenks* at 273. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Thompkins* at 386.

{¶ 6} While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25, citing *Thompkins* at 386. Under the manifest weight of the evidence standard, a reviewing court must ask the following question: whose evidence is more persuasive - the state's or the defendant's? *Id.* at ¶ 25. Although there may be legally sufficient evidence to support a judgment, it may nevertheless be against the manifest weight of the evidence. *Thompkins* at 387; *see also State v. Robinson*, 162 Ohio St. 486 (1955) (although there is sufficient evidence to sustain a guilty verdict, a court of appeals has the authority to determine that such a verdict is against the weight of the evidence); *State v. Johnson*, 88 Ohio St.3d 95 (2000).

{¶ 7}   "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony."   *Wilson* at ¶ 25, quoting *Thompkins* at 387.   In determining whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving any conflicts in the evidence, the jury clearly lost its way and thereby created such a manifest miscarriage of justice that the conviction must be reversed and a new trial must be ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 8}   A conviction should be reversed on manifest weight grounds only in the most   " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *Martin* at 175.   Moreover, " 'it is inappropriate for a reviewing court to interfere with factual findings of the trier of fact * * * unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible.' " *State v. Brown*, 10th Dist. No. 02AP-11, 2002-Ohio-5345, ¶ 10, quoting *State v. Long*, 10th Dist. No. 96APA04-511 (Feb. 6, 1997).

{¶ 9}   Serious physical harm to persons is defined in R.C. 2901.01(A)(5), as follows:

> (a)  Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
>
> (b)  Any physical harm that carries a substantial risk of death;
>
> (c)  Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
>
> (d)  Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
>
> (e)  Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶ 10}  Felonious assault is defined in R.C. 2903.11, as follows:

(A)  No person shall knowingly do either of the following:

(1)  Cause serious physical harm to another or to another's unborn;

(2)  Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶ 11} The woman suffered a cut under her right eye that required 14 stitches.  She has what appears to be permanent scarring on her face as a result.  The scar was still visible on her face over 2 years after the altercation.  This injury qualifies as permanent disfigurement for purposes of R.C. 2901.01(A)(5)(d).

{¶ 12} Wilder knew he punched the woman very hard, causing her to bleed profusely from the resulting cut on her face.  Under the circumstances, Wilder acted knowingly, as that word is defined in R.C. 2901.22(B), as follows:

A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶ 13} In short, the jury had sufficient evidence to support its finding that Wilder had knowingly caused serious physical harm to a person.  The jury's verdict was also consistent with the weight of the evidence.

{¶ 14} The single assignment of error is overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____